UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD, #167698                                                                    PETITIONER

VS.                                                         CIVIL ACTION NO. 3:18-CV-757-DPJ-FKB

PELICIA HALL                                                                             RESPONDENT

REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief filed by Dean C. Boyd. *See* 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss [12] pursuant to 28 U.S.C. § 2244(d), to which Boyd has filed a Response [14]. For the reasons explained below, the undersigned finds that Boyd's petition is untimely and recommends that the Motion to Dismiss be granted.

I. FACTS AND PROCEDURAL HISTORY

On April 26, 2011, in the Circuit Court of Leake County, Mississippi, Boyd pleaded guilty to the charge of statutory rape, in violation of Mississippi Code Annotated § 97-3-65(1)(b)(Rev. 2006). *Boyd v. State*, 175 So. 3d 59, 60 (Miss. Ct. App. 2015); *see* [12-9]. The victim was Boyd's minor daughter, who ultimately gave birth as a result of Boyd's crime. *Id.* DNA tests later confirmed Boyd's paternity of the infant. *Id.* In an amended sentencing order entered on June 2, 2011, the Circuit Court sentenced Boyd to twenty-five years in the custody of the Mississippi Department of Corrections. *See* [12-2].

Boyd has mounted a series of state court challenges to his guilty plea and sentence. On March 26, 2012, Boyd signed a motion for post-conviction relief, which was filed on March 27, 2012, in the Circuit Court of Leake County. [13-2] at 31-51; [12-9] at 2. In his motion, Boyd asserted claims of ineffective assistance of counsel and argued that his guilty plea was

˜1˜

involuntary. [13-2] at 40-51. The Circuit Court denied his motion on July 18, 2012. *Id.* at 52-53. In its July 18 order, the Circuit Court specifically found that Boyd's plea was voluntary and that he was not denied his Sixth Amendment right to effective counsel. *Id.*

While his motion for post-conviction relief was pending in the Circuit Court, Boyd signed an "Application for Leave to file Motion to Correct Sentence" on July 17, 2012, which was filed in the Supreme Court of Mississippi on July 23, 2012. [13-1] at 40-43. After considering that filing and a later-filed supplement, the Mississippi Supreme Court found that the matter was not properly before the court, denied the application without prejudice on October 17, 2012, and directed him to file in the trial court. [12-6] at 1.

On October 25, 2012, Boyd signed his notice of appeal of the Circuit Court's July 18, 2012, order denying his motion for post-conviction relief, and it was filed in the Mississippi Supreme Court on October 30, 2012. [13-2] at 159-184. That same day, the Mississippi Supreme Court issued a show cause notice to Boyd requiring him to show cause within fourteen days why his appeal should not be dismissed as untimely under Rules 3 and 4[1] of the Mississippi Rules of Appellate Procedure. *Id.* at 154. Boyd signed his response to the show cause order on November 5, 2012, *id.* at 147-149, and filed it with the Clerk of the Mississippi Supreme Court and Court of Appeals on November 7, 2012. *See id.* at 147. The Mississippi Court of Appeals, on its own motion, filed an order dismissing his appeal as untimely on December 4, 2012. [12-4] at 1.

Thereafter, on January 23, 2013, Boyd signed another "Application for Leave to Proceed in the Trial Court of Leake County, pursuant to Miss. Code Ann. § 99-39-27," which was filed

---

[1] Rule 4 of the Mississippi Rules of Appellate Procedure states that "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Miss. R. App. P. 4(a).

with the Mississippi Supreme Court on January 25, 2013. [13-9] at 280-315. Because Boyd did not directly appeal his conviction or sentence from the trial court, the Mississippi Supreme Court found that the matter was not properly before the court, and it dismissed the application without prejudice to Boyd's right to file it in the trial court. [12-7] at 1.

Boyd filed two more motions for post-conviction relief challenging his conviction and sentence. Boyd filed his second motion for post-conviction relief in the Circuit Court of Leake County on May 10, 2013, and it was ultimately denied by the Mississippi Court of Appeals as a successive writ on March 24, 2015. *Boyd v. State*, 175 So. 3d 59 (Miss. Ct. App. 2015). Boyd filed his third motion for post-conviction relief in the Circuit Court of Leake County on April 18, 2016, followed by an amendment on December 22, 2016. *Boyd v. State*, 253 So. 3d 933, 935 (Miss. Ct. App. 2018). The Circuit Court dismissed the motion on December 29, 2016, finding it barred as a successive writ. *Id.* Boyd appealed, and on March 13, 2018, the Mississippi Court of Appeals found that "Boyd . . . failed to raise any claim that would overcome the procedural bars" and affirmed the Circuit Court's dismissal of his third motion for post-conviction relief. *Id.*

On August 7, 2018, Boyd filed a petition in the Circuit Court of Leake County seeking the "extraordinary relief" of a conditional medical release for terminally ill prisoners. *See* [13-16]. On September 11, 2018, the Mississippi Supreme Court appointed a Special Judge to consider the request, *id.* at 54, and on August 19, 2019, the Special Judge dismissed the action based on Boyd's failure to exhaust administrative remedies. *See* Order, *Boyd v. Ladner*, 2019-M-01175-SCT (Miss. Aug. 20, 2019).

Boyd signed his petition for habeas corpus relief on October 25, 2018, and it was filed in

this Court on October 30, 2018.[2] [2-1] at 52. The State responded with its Motion to Dismiss [12] and related exhibits, arguing that the Petition is untimely. Boyd has filed a Response [14], asserting, *inter alia*, that his petition should be excepted from any applicable procedural bars because his fundamental constitutional rights were violated. For reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

## II. DISCUSSION

The State asserts that Boyd's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[2] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

>  diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson,* 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

According to the State, Boyd had until Monday, February 11, 2013, to file his petition, and, instead, he filed it in this Court on October 25, 2018, over five years beyond the deadline for federal habeas petitions as established by the AEDPA. A review of the relevant dates shows that the State is correct.

Boyd entered his guilty plea on April 26, 2011, and his conviction became final on June 2, 2011, when the trial court entered an amended sentencing order.[3] *See Roberts v Cockrell*, 319

---

[3] The initial "Judgment on Guilty Plea," entered by the Circuit Court on April 26, 2011, stated, in error, that Boyd

F.3d 690 (5th Cir. 2003). Therefore, under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Boyd's petition for a writ of habeas corpus was due in this Court by June 2, 2012. However, on March 26, 2012, Boyd signed a motion for post-conviction relief, which was properly filed in the Circuit Court of Leake County on March 27, 2012, thereby tolling the federal habeas statute of limitations. *See* 28 U.S.C. § 2244(d)(2). At that point, two hundred ninety-eight (298) days of the one-year federal habeas statute of limitations had passed. The Circuit Court denied Boyd's motion for post-conviction relief on July 18, 2012. Boyd signed the appeal of the denial of his motion for post-conviction relief on October 25, 2012, and the Mississippi Court of Appeals dismissed his appeal as untimely filed on December 4, 2012. Accordingly, giving Boyd the benefit of § 2244(d)(2) tolling from March 26, 2012, to December 4, 2012, as proposed by the State, Boyd's federal habeas petition was due in this Court on or before Monday, February 11, 2013.[4]

Boyd's other state-court filings did not extend this deadline. His July 17, 2012, "Application" and his January 23, 2013, "Application" did not toll the § 2244(d)(2) statute of limitations because they did not qualify as "properly filed application[s] for State post-conviction" relief. *See Moore v. Cain*, 298 F.3d 361, 366-367 (5th Cir. 2002); *see also*, *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)(quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)(finding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.")). Furthermore, his motions for post-conviction relief filed after the February 11, 2013, deadline had no impact on the expired federal statute of

---

had pleaded guilty to a charge of possession of cocaine. *See* [12-1].

[4] The February 11, 2013, deadline is calculated by adding the sixty-seven (67) days remaining in the one-year federal statute of limitations to December 4, 2012, which results in a due date of Sunday, February 10, 2013. Because the limitations period ended on a Sunday, however, the petition was due on the next business day, which was February 11, 2013. *See* Fed. R. Civ. P. 4(a)(1)(C).

limitations. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition). Likewise, Boyd's petition for a conditional medical release, filed in 2018 pursuant to state law, had no impact on his expired federal statute of limitations. *See id.*[5]

Boyd's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way).

Boyd signed his petition for habeas corpus relief on October 25, 2018. Thus, his petition was filed over five years after the February 11, 2013, expiration of the statute of limitations, as established by AEDPA. The undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline, and the petition should be dismissed as untimely filed.

### III. CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [12] should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed

---

[5] Further, Boyd has not exhausted his state court remedies on the issues raised in his petition for a conditional medical release, and the issues raised in that petition relate to his request for parole. For these reasons, Boyd's federal habeas petition should be dismissed as to these issues. *See Laneri v. Epps*, Civil No. 1:13cv238-HSO-RHW, 2013 WL 6061336 (S.D. Miss. Nov. 18, 2013)(dismissing habeas petition on grounds that petitioner does not have a constitutionally-protected liberty interest in parole under Mississippi law and failed to exhaust all state court remedies prior to seeking federal habeas relief).

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 28th day of January, 2020.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE